UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VINCENT BRUNO                                                CIVIL ACTION

VERSUS                                                       NO. 05-1887

MICHAEL STARR, ET AL.                                        SECTION C

### ORDER AND REASONS

Before the Court is a Motion for Reconsideration filed by the plaintiff, Vincent Bruno ("Bruno") (Rec. Doc. 84). The defendants, Michael Starr, Ruth Starr, James Starr, RMS Holdings, L.L.C., and W. Christopher Beary (collectively, "Defendants") oppose the motion. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that the Motion for Reconsideration is hereby **DENIED**.

### I. BACKGROUND

Bruno filed this lawsuit under 18 U.S.C. §§ 1962(a), (b), (c), Racketeering Influenced and Corrupt Organizations Act ("RICO"). He also alleged that the Defendants committed five instances of mail fraud, conspiracy, and a violation of the Louisiana Theft Statute (L.S.A.-R.S. § 12:67). The Defendants filed a motion to dismiss, asserting that the Bruno lacked standing under

1

RICO, because he has not suffered any concrete economic harm and that there was no ongoing scheme as required by RICO.

This Court granted Defendants' Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6), finding that there was no pattern of activity such as to sustain a RICO claim. See, Rec. Doc. 40. Plaintiff appealed that ruling. The Fifth Circuit Court of Appeals affirmed this Court's decision, because "Bruno's claims as plead are clearly foreclosed by this court's precedent." *Bruno v. Starr, et. al*, 2006 WL 1307570 *1 (5th Cir. 2006).

As a result, Defendants filed a motion for sanctions pursuant to Rule 11, for the filing of this suit, alleging that Bruno and his attorney, Anatole J. Plaisance ("Plaisance") did not have a legal basis for the RICO claims and that they filed the suit for an improper purpose.[1] This Court granted in part and denied in part that motion and imposed sanctions on Bruno and Plaisance. See, Rec. Doc. 82. Bruno then filed this Motion for Reconsideration asking the Court to overturn its imposition of sanctions upon him. He argues that the Court's ruling contains factual inaccuracies and that he is not an attorney and should not be responsible for filing the RICO claims.

## II. ANALYSIS

The Federal Rules of Civil Procedure do not recognize a "Motion to Reconsider" in those exact terms. See, *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten

---

[1] Defendants complied with Rule 11 by serving a copy of the motion for sanctions on the offending party and giving them at lest twenty-one (21) days in which to withdraw the challenged pleadings.

(10) days of the court's ruling and a Rule 60(b) motion if it is served more than ten (10) days after the court's ruling.  See, *Id.*  Bruno filed his motion for "reconsideration" of this Court's September 12, 2006 ruling on September 21, 2006.  According to Rule 6(a), when a time period is less than eleven (11) days, the intermediate Saturdays and Sundays are not counted.  Thus, Bruno's filed his motion within 10 days.

Therefore, Rule 59(e) governs Bruno's Motion for Reconsideration.  In *Washington v. CSC Credit Servs., Inc.*, 180 F.R.D. 309 (E.D.La. 1998), *rev'd and vacated on other grounds,* 199 F.3d 263 (5th Cir. 2000), this Court ruled that alteration or amendment of a previous ruling under Rule 59(e) is proper only upon the movant's showing of: "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law." 180 F.R.D. at 311.

In this case, Bruno argues that the court committed clear and manifest error of fact.  He claims that the court made four (4) factual errors.  First, he asserts that the Court was mistaken about the number of other lawsuits and whether he was sanctioned by another court.  Next, Bruno argues that the Court neglected to mention that the Federal Communications Commission ("FCC") revoked Michael Starr's transfer of control.  Third, he asserts that the Court erred in its determination of Delta Starr's ownership.  Fourth, Bruno points out that Judge Vance overturned the Bankruptcy Court's decision and found that he had authority to file the bankruptcy petition.  In addition to arguing that the Court made factual mistakes, Bruno also claims that he should not face sanctions because he is not an attorney, did not file the suit to harass and did not know the substance and consequences of filing RICO charges.

The Defendants disagree with most of Bruno's assignments of errors.  They present facts which show that the Court was not mistaken about the other lawsuits.  The Defendants also point

3

out that Bruno's discussion of the Delta Starr's ownership and Judge Vance's decision are legal decision of which the consequences are disputed by the parties.  They argue that Bruno is inappropriately attempting to re-litigate these issues in the instant motion.  On the other hand, the Defendants agree that the Court did not mention that the FCC did revoke Michael Starr's transfer of control.  However, the Defendants argue that if the Court did err in its recitations of any of these facts, any mistake is irrelevant to the imposition of sanctions.  They point to Bruno's pattern of filing lawsuits to harass them and his history, which indicates a knowledge of the RICO statute.

     Bruno did not meet his burden to show that he is entitled to relief from judgment. The Court is not persuaded that it was incorrect about its interpretation of the previous lawsuits.  Furthermore, the Court declines to engage in another discussion about the ownership of Delta Starr or to interpret the other courts' rulings on this matter.  Although the Court notes that footnote number 3 on page 3 of its order and reasons dated September 12, 2006 should have mentioned that the FCC later revoked Michael Starr's transfer of control, this omission is inconsequential to the imposition of sanctions.  Bruno has filed numerous lawsuits seeking redress on the same issues.  This constitutes a pattern of harassment.  Furthermore, whether or not Bruno knew the seriousness of his actions when filing the RICO claims is irrelevant.  All of the cases against the Defendants were initiated at his behest.  Rule 11 permits sanctions to be imposed upon litigants so that they will be deterred from continuing on an improper course of action. Bruno's actions demonstrate that Rule 11 sanctions are appropriate.

### III. CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Bruno's Motion for Reconsideration is hereby **DENIED**.

New Orleans, Louisiana, this 15th day of December, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE